**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY TALMADGE LIVINGSTON, *Plaintiff,* v. THRIVE AT MONTVALE, et al., *Defendants.* | Civil Action No.: 23-23004 **OPINION AND ORDER** December 17, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** is before this Court upon *pro se* Plaintiff Bradley Talmadge Livingston's ("Plaintiff") Motion for Clarification and Reconsideration of Case Termination (ECF 70, "Pl. Mot."), Letter Request to Reinstate the Case (ECF 52), and Letter Motion to Reinstate the Case (ECF 53) (together with ECF 52, the "Letter Requests"). Defendants have not filed any papers in opposition. The Court has decided this Motion upon the submissions of the Plaintiff, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiff's Motion Clarification and Reconsideration of Case Termination and Letter Requests are **DENIED**.

**WHEREAS** Plaintiff brought this action against Defendants Thrive at Montvale ("Thrive") and Peter Gunderson (together, "Defendants") for race discrimination, unequal terms and conditions of employment, and retaliation following the termination of Plaintiff's employment at Thrive, in violation of Title VII of the Civil Rights Act of 1964. (ECF 1, "Compl." at 3-5); and

**WHEREAS** according to papers filed by Plaintiff, prior to commencing this action, Plaintiff filed a complaint with the New Jersey Division on Civil Rights ("NJDCR") against Thrive

for race discrimination, disability discrimination, discrimination based on military service, and retaliation, in violation of the New Jersey Law Against Discrimination ("NJLAD"). (ECF 49 at 1-2, 17-19.) On July 9, 2024, Plaintiff requested that his NJDCR complaint be transferred to the New Jersey Office of Administrative Law ("NJOAL"). (*Id.* at 2-4.) Plaintiff's Complaint in the instant matter and his NJDCR complaint are based on the same set of facts and relate to his termination by Thrive on March 21, 2023. (*See* Compl. at 4-5; ECF 49 at 17-19); and

**WHEREAS** On September 27, 2024, Plaintiff filed a letter, dated the same day, from a Deputy Attorney General of New Jersey representing the NJDCR in Plaintiff's NJOAL case (the "Deputy AG") to the Administrative Law Judge overseeing Plaintiff's case, Judge Andrea Perry-Villani. (ECF 49.) In that letter, the Deputy AG states the Plaintiff cannot proceed on the same claims in both federal court and the NJOAL forum. (ECF 49 at 3 (citing N.J.A.C. 13:4-6.1(A)(4).) On September 30, 2024, Defendants filed a letter on the docket informing this Court that the parties participated in a conference call with NJOAL Judge Andrea Perry-Villani and the Deputy AG to discuss the status of the proceedings regarding Plaintiff's NJDCR complaint. (ECF 47.) According to the letter at ECF 47, Judge Perry-Villani asked Plaintiff whether he wanted to proceed with his federal case and withdraw his NJDCR complaint, or whether he wanted to proceed with his NJDCR complaint in the NJOAL and dismiss his federal case. (*Id.*). As per the letter at ECF 47, Plaintiff informed Judge Perry-Villani and the parties on the call that he intended to dismiss his federal case and proceed with the NJDCR complaint in the NJOAL.[1] (*Id.*); and

---

[1] For purposes of the instant motion, the Court does not assess the accuracy of the statements contained in the letter at ECF 49 from the Deputy AG or the letter at ECF 47 from Defendants. Although Plaintiff argues that Defendants' counsel "misrepresent[ed] procedural facts" in the letter at ECF 47 (ECF 70 at 2), Plaintiff does not provide enough detail to assess what procedural facts Defendants misrepresented and what issue, if any, Plaintiff has with Defendants' representation that Plaintiff cannot simultaneously litigate claims in federal court and in an administrative forum on the same set of facts. *See infra* p. 5.

**WHEREAS** Plaintiff and Defendants' counsel signed and filed a stipulation of dismissal in this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on October 1, 2024. (ECF 50, the "Stipulation of Dismissal."). The Stipulation of Dismissal was so-ordered by the undersigned on October 17, 2024, and Plaintiff's claims were accordingly dismissed with prejudice. (ECF 51, "Order of Dismissal.") Between September 30, 2024, the date that Plaintiff allegedly participated in the conference call with NJOAL Judge Andrea Perry-Villani and October 17, 2024, the date that this Court signed the Stipulation of Dismissal and dismissed the case with prejudice, Plaintiff made no filings on the docket contesting the letter at ECF 47, requesting termination of the stipulation at ECF 50, or asking for clarification from this Court. Despite this inaction, two weeks after the Court signed the Stipulation of Dismissal, Plaintiff began a flurry of filings requesting reinstatement of this case. Specifically, Plaintiff filed a Letter Request to Reinstate the Case on October 31, 2024 (ECF 52), a Letter Motion to Reinstate the Case on November 1, 2024 (ECF 53), and a Motion for Clarification and Reconsideration of Case Termination on April 12, 2025 (ECF 70). Plaintiff also appealed the Order of Dismissal on December 14, 2024 (ECF 57-59); and

**WHEREAS** Plaintiff seeks reconsideration of the Stipulation of Dismissal and Order of Dismissal, arguing, *inter alia*, that he has "filed a valid civil rights employment discrimination complaint," Defendants' counsel made misrepresentations to this Court, and that he was "unaware" that a request to dismiss this case had been granted "until receiving notice of case termination." (Pl. Mot. at 1-2.). Plaintiff also states that he was "tricked" by Defendants' counsel into stipulating to dismissal. (ECF 52) Plaintiff requests that the Court reopen this matter (Pl. Mot. at 2); and

**WHEREAS** a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R.

3

7.1(i). The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)); and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted 'very sparingly[.]'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l. Inc.*, 215 F.Supp.2d. 482, 507 (D.N.J. 2002)). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353); and

**WHEREAS** here, reconsideration is not warranted. Although it is not entirely clear, Plaintiff appears to argue that reconsideration is warranted to prevent manifest injustice, *see Lazaridis*, 591 F.3d at 669. But Plaintiff does not support his claim that he was "tricked" by defense counsel with enough factual detail for the Court to conclude that reconsideration is warranted. (*See* ECF 52, *see also* Pl. Mot. at 1-2.). Although the Court is sympathetic to Plaintiff's *pro se* status, here Plaintiff had ample time to confirm whether he needed to, or wished to, dismiss the instant case. For instance, Plaintiff could have responded to Defendants' letter at ECF 47 or requested

4

clarification from this Court prior to signing the Stipulation of Dismissal or before the Court entered the Order of Dismissal, yet did not. By affixing his signature to the Stipulation of Dismissal, Plaintiff consented to the dismissal of this case with prejudice (*See* ECF 50); and

**WHEREAS** Plaintiff also argues that Defendants' letter at ECF 47 "allegedly misrepresent[ed] procedural facts" and the termination of the case was "based on a procedural misrepresentation." (Pl. Mot. at 2.) However, Plaintiff does not specify the alleged misrepresentations made by defense counsel. The Court is unable to assess whether Defendant did or did not make misrepresentations to the Court because the Plaintiff has not identified which representations he takes issue with; and

**WHEREAS** Plaintiff has additionally not shown that reconsideration is required to "prevent manifest injustice" in light of the fact that Plaintiff still has the opportunity for recourse through his NJDCR complaint before the NJOAL.[2] *See Ferrara v. Tappan Co.*, 722 F. Supp. 1204, 1206 (D.N.J. 1989) (plaintiff's decision to pursue administrative rather than judicial recourse "did not deprive him of a due process right but, rather, was an exercise by him of his freedom to choose an alternative"); and

**WHEREAS** Plaintiff has also not demonstrated that there has been "an intervening change in controlling law," "the availability of new evidence," or a "need to correct clear error of law," warranting reconsideration. *See Lazaridis*, 591 F.3d at 669.

Accordingly, **IT IS** on this 17th day of December 2025,

**ORDERED** that Plaintiff's Motion for Clarification and Reconsideration of Case Termination (ECF 70) is **DENIED**; and it is further

---

[2] Although Plaintiff states that on October 30, 2024, after Plaintiff stipulated to dismissal in the instant case, the NJOAL Judge informed him that he "had to refile [his] case with DCR they did not review [his] case entirely [sic] . . . ." (ECF 52 at 1), Plaintiff does not assert that he was foreclosed from pursuing his NJOAL case, or that dismissing the instant case prevented him from obtaining relief in his NJOAL case.

**ORDERED** that Plaintiff's Letter Request to Reinstate the Case (ECF 52) is **DENIED**; and it is finally

**ORDERED** that Plaintiff's Letter Motion to Reinstate the Case (ECF 53) is **DENIED**.

**SO ORDERED**.

                                             */s/ Jamel K. Semper*
                                             **HON. JAMEL K. SEMPER**
                                             **United States District Judge**

Orig: Clerk
cc:    James B. Clark, U.S.M.J.
       Parties